Daniel King, SBN: 207911
THE ATTORNEY GROUP
3435 Wilshire Blvd., Ste 1111
Los Angeles, CA 90010
Phone: 213.388.3887
Fax: 213.388.1744

Attorney for Debtor

UNITED STATES BANKRUPTCY COURT

CENTRAL DISTRICT OF CALIFORNIA

SANTA ANA DIVISION

| | |
|---|---|
| In re: | Case No.: 8:22-bk-10603-TA |
| | Adv. Case No.: |
| MAXWELL JORDAN KIM, | |
| Debtor. | Chapter 07 |
| | |
| MAXWELL JORDAN KIM, | COMPLAINT TO AVOID AND RECOVER |
| Plaintiff, | PREFERENTIAL TRANSFER |
| v | 11 U.S.C.§§ 547 and 550 |
| | |
| Collect Access, LLC a California | Date:  TO BE SET BY SUMMONS |
| Limited Liability Company, | Time:  TO BE SET BY SUMMONS |
| | PLACE: Courtroom 5B |
| | 411 West Fourth Street |
| | Los Angeles, CA  92701-4593 |

The above captioned debtor-plaintiff in this matter (the "Debtor") brings this action to avoid and recover certain preferential transfers made by the Debtor to the defendant (the "Defendant") and together with the Plaintiff, the "Parties"), hereby alleges as follows:

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER
[11 U.S.C.§§ 547 and 550]

## I. STATEMENT OF JURISDICTION, PARTIES AND VENUE

1. This Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), and (F). Venue lies in this judicial district pursuant to 28 U.S.C. § 1409(a) because this is a civil proceeding arising in the Debtor's Chapter 7 case, In re Maxwell Jordan Kim, Bankruptcy Case No. 8:22-bk-10603-TA, currently pending in United States Bankruptcy Court, Central District of California, Riverside Division.

2. Plaintiff, Debtor, Maxwell Jordan Kim (the "Debtor") is the Chapter 7 debtor in this Bankruptcy Case, and filed a voluntary petition under title 11 of the United States Code, 11 U.S.C. § 101, et seq. (the "Bankruptcy Code") on April 8, 2022.

3. Defendant Collect Access LLC, a California Limited Liability Company, (the "Defendant") is a Limited Liability Company located within the jurisdiction of this Court. At all relevant times, the Defendant was for whose benefit certain of the recoverable transfer alleged in this Complaint was made; and/or an immediate or mediate transferee of such recoverable transfer. The Defendant is a creditor of the Debtor.

## II. GENERAL ALLEGATIONS

4. During the 90 days prior to the Filing (the "Preference Period"). On or around April 08, 2022 the Debtor's Chase bank account was levied by the Defendant in the amount of

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER
[11 U.S.C.§§ 547 and 550]

$33,805.93, (the "Subject Transfer"). See Exhibit "A" attached hereto.

5. The Transfer was made per entered Judgment filed on August 9. 2021, and therefore represented a payment to an unsecured creditor. Accordingly, the Defendant, an unsecured creditor, received recovery on debts that would otherwise be discharged by way of this filing.

6. There will be no payment to unsecured creditors in this chapter 7 proceeding.

### FIRST CLAIM FOR RELIEF

(Preferential Transfer Pursuant To 11 U.S.C. § 547(b))

7. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

8. The Transfer was made: (i) to Defendant; and (ii) for the benefit of Defendant who was a creditor of the Debtor.

9. The Transfer was made for, or on account of, debt owed by the Debtor before such Transfer was made.

10. The Transfer was made during the Preference Period.

11. The purpose of this action, the Debtor is presumed to have been insolvent during the Preference Period pursuant to 11 U.S.C. § 547.

12. The Transfer enabled Defendant to receive more than it would have received if: (i) if the Debtor's bankruptcy case was a case commenced under Chapter 7 of title 11 of the United States Bankruptcy Code; (ii) the Transfer had not been made; and (iii) Defendant received payment on

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER
[11 U.S.C.§§ 547 and 550]

account of the debt paid by the Transfer to the extent provided by title 11 of the Bankruptcy Code.

13. The Transfer constitutes an avoidable preference within the meaning of 11 U.S.C. § 547.

14. Defendant has not returned Transfer to Plaintiff.

## SECOND CLAIM FOR RELIEF

(Recovery of Transfers Pursuant to 11 U.S.C. § 550)

15. Plaintiff restates and realleges the allegations of the preceding paragraphs as if fully set forth herein.

16. Defendant is either the (a) initial transferee of the Transfer, (b) the entity for whose benefit the Transfer was made, or (c) an immediate transferee of an initial transferee.

17. Plaintiff is entitled to recover the value of the Transfer pursuant to 11 U.S.C. § 550(h).

18. The Plaintiff properly listed the funds on Schedule B and exempted same on Schedule C of the Voluntary Bankruptcy Petition filed on April 08, 2022.

19. The Chapter 7 Trustee has not attempted to avoid the transfer. On May 17, 2022, a Chapter 7 Trustee's Report of No Distribution was filed with the Court.

## RELIEF REQUESTED

20. WHEREFORE, Plaintiff respectfully request entry of judgment in his favor: (a) awarding Plaintiff at least the sum of the Transfer, in an amount not less the amount

COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER
[11 U.S.C.§§ 547 and 550]

shown on Exhibit "A", plus interest and cost, and ordering Defendant to immediately pay the judgment to Plaintiff;

(b) granting such other and further relief as is just and proper.

Dated: May 25, 2022         THE ATTORNEY GROUP

By_____
Daniel King
Attorney for Plaintiff/Debtor
Maxwell Jordan Kim

**COMPLAINT TO AVOID AND RECOVER PREFERENTIAL TRANSFER
[11 U.S.C.§§ 547 and 550]**